# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Paul D. Izzi,** | Case No. 1:18cv1641 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge David A. Ruiz** |
| **Andrew Saul,** **Commissioner of Social Security**[1] | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Objections of Plaintiff Paul D. Izzi ("Plaintiff" or "Izzi") to the Report and Recommendation of Magistrate Judge David A. Ruiz regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. No. 16.) For the reasons that follow, Plaintiff's Objections are overruled, the Report & Recommendation ("R&R") is accepted, and the Commissioner's decision is affirmed.

**I.  Background**

In February 2015, Plaintiff filed his applications for DIB and SSI, alleging a disability onset date of October 20, 2011. (Doc. No. 9 (Transcript ["Tr."] ) at 15. )  Plaintiff later amended his onset date to December 31, 2012. (*Id*.)  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id*.)  On January 26,

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

2017, the ALJ conducted a hearing at which Plaintiff was represented by counsel and testified. (*Id*.) A vocational expert ("VE") also testified. (*Id*.) On September 20, 2017, the ALJ found Plaintiff was not disabled. (Tr. 15-40.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation. The R & R concludes that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed. (Doc. No. 15.) Plaintiff filed Objections to the R & R, to which the Commissioner responded. (Doc. Nos. 16, 17.)

Plaintiff raises one objection to the R & R, i.e., that the Magistrate Judge erred in concluding that the ALJ applied the proper legal standards when analyzing the opinions of treating physician Jerry C. Bell, D.O. (Doc. No. 16.) The Court has conducted a *de novo* review of the issues raised in Plaintiff's Objections.

**II.     Analysis**

    **A.     Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P.

72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[2] 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th

---

[2] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## B.     Plaintiff's Objection to the R&R[3]

In his sole objection, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ applied proper legal standards when analyzing the opinions of treating physician Dr. Bell. (Doc. No. 15.) Specifically, Plaintiff maintains that the R&R incorrectly found that Dr. Bell authored "a single opinion" when, in fact, the record reflects he submitted three separate opinions. (*Id.* at 2.) Plaintiff asserts that, while the ALJ cited generally to the exhibit containing Dr. Bell's various opinions, the decision failed to acknowledge or address Dr. Bell's specific opinion that Plaintiff would be off task at least 20% of the time and absent from work due to his impairments or treatment more than four times per month. (*Id.* at 4.) Plaintiff asserts that this is "clear legal error" as it deprived

---

[3] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

4

him of the procedural safeguards set forth in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

As the Magistrate Judge correctly noted, a treating source opinion must be given "controlling weight" if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2).[4] However, "a finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009) (quoting SSR 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996)).[5] Indeed, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakley*, 581 F.3d at 408.[6] *See also Gayheart*, 710 F.3d at 376.

If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to

---

[4] Revised versions of these regulations took effect on March 27, 2017 and apply to disability claims filed on or after that date. *See* 82 Fed. Reg. 5844 (March 27, 2017). As Plaintiff filed his applications in February 2015, the Court will apply the regulations in effect at that time.

[5] SSR 96-2p has been rescinded. This rescission is effective for claims filed on or after March 27, 2017. *See* SSR 96-2p, 2017 WL 3928298 at *1.

[6] Pursuant to 20 C.F.R. § 404.1527(c)(2), when not assigning controlling weight to a treating physician's opinion, the Commissioner should consider the length of the relationship and frequency of examination, the nature and extent of the treatment relationship, how well-supported the opinion is by medical signs and laboratory findings, its consistency with the record as a whole, the treating source's specialization, the source's familiarity with the Social Security program and understanding of its evidentiary requirements, and the extent to which the source is familiar with other information in the case record relevant to the decision.

5

make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188 at *5). *See also Gayheart*, 710 F.3d at 376. The purpose of this requirement is two-fold. First, a sufficiently clear explanation "'let[s] claimants understand the disposition of their cases,' particularly where a claimant knows that his physician has deemed him disabled and therefore 'might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544. Because of the significance of this requirement, the Sixth Circuit has held that the failure to articulate "good reasons" for discounting a treating physician's opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243.

Here, Dr. Bell authored three opinions dated February 8, 2016: (1) an "Off-Task/Absenteeism Questionnaire," (2) a "Pain Questionnaire," and (3) a document entitled "Medical Statement- Physical Abilities and Limitations." (Tr. 1044-1046.) These three opinions are marked in the administrative record collectively as "Exhibit 17F." (*Id.*) In the Off-Task/Absenteeism Questionnaire, Dr. Bell opines that, due to chronic pain caused by neuropathy, seizure disorder, depression, and chronic back pain, Plaintiff would likely be (1) off task at least 20% of the time, and (2) absent from work more than four times per month as a result of his impairments or treatment. (Tr. 1044.) In the "Pain Questionnaire," Dr. Bell states that Plaintiff will need to change positions frequently due to pain caused by bulging discs, neuropathy, chronic back pain, and depression. (Tr. 1045.) Dr. Bell also

6

states that Plaintiff's pain is severe enough to constantly interfere with his attention and concentration. (*Id*.) Lastly, in the "Medical Statement," Dr. Bell identifies a number of specific physical functional limitations relating to Plaintiff's abilities to sit, stand, walk, lift, carry, bend, stoop, balance, reach, and engage in fine and gross manipulation. (Tr. 1046.) Dr. Bell also opines that Plaintiff's pain is severe and his impairments or treatment will cause him to be absent from work more than three times per month. (Tr. 1046.)

Plaintiff argues that remand is required because the ALJ "considered only one" of these opinions (i.e., the "Medical Statement- Physical Abilities and Limitations") and failed to acknowledge the specific opinions set forth in Dr. Bell's Off-Task/Absenteeism Questionnaire. For the following reasons, the Court disagrees.

Here, the ALJ repeatedly referenced Plaintiff's treatment with Dr. Bell throughout the decision and acknowledged that Dr. Bell had submitted a "functional assessment" on February 8, 2016. (Tr. 23-27.) Although the ALJ did not expressly differentiate Dr. Bell's three separate opinions, the decision cited and addressed Exhibit 17F, which is six pages in length and comprised of all three opinions. (Tr. 25-26, 30-31, citing Tr. 1044-1046.) In her discussion of Exhibit 17F, the ALJ acknowledged Dr. Bell's conclusion that Plaintiff's pain was supported by findings of neuropathic and back pain. (Tr. 25.) In addition, the ALJ noted Dr. Bell's opinions regarding Plaintiff's physical functional limitations, including his specific opinions that Plaintiff's "pain caused constant interference with attention and concentration" and that Plaintiff "could be expected to be absent from work more than three times per month due to his impairments." (Tr. 25-26.) The ALJ then explained that she accorded "limited weight" to Dr. Bell's assessment in light of the many

normal examination findings in the record, including normal gait, intact ability to heel and toe walk, normal reflexes, and no consistent findings of positive straight leg raises. (Tr. 30-31.)

Thus, the Court finds that, while the ALJ did not expressly mention Dr. Bell's Off Task/Absenteeism Questionnaire as a separate opinion, she did adequately acknowledge and address the conclusions set forth therein. As noted above, the ALJ expressly addressed Dr. Bell's opinions regarding both absenteeism and the impact of Plaintiff's impairments on his ability to maintain attention and concentration, the latter of which is reasonably construed as relating to off task behavior. Moreover, reading the decision as a whole, the Court finds that the ALJ provided a number of reasons for according only "limited weight" to Dr. Bell's opinions, including Plaintiff's improvement with treatment and the fact that his opinions were inconsistent with the many normal physical and mental status examination findings in the record.[7] (Tr. 23-30.) Notably, the ALJ did, in fact, include several limitations aimed at Plaintiff's attention and concentration deficits in the RFC, including limits to "simple, routine tasks with simple, short instructions, making simple decisions, and having few workplace changes with no fast-paced production and quota requirements." (Tr. 21.)

For these reasons, Plaintiff's reliance on *Blakley, supra* is misplaced. In that case, the Sixth Circuit remanded the ALJ's decision in part because the ALJ failed entirely to mention one of the claimant's treating physicians, Dr. Kiefer. *Blakely*, 581 F.3d at 407-408 (noting that "as a treating physician, any opinions Dr. Kiefer made should have been given controlling weight . . . . [h]owever, Dr. Kiefer is not mentioned anywhere in the ALJ's opinion.") Here, as noted above, the ALJ

---

[7] Plaintiff does not argue that either of these specific reasons are not supported by substantial evidence and, thus, the Court deems any such argument waived.

8

expressly acknowledged Plaintiff's treatment history with Dr. Bell as well as his February 2016 opinions at several points in the decision.

Accordingly, and for all the reasons set forth above, Plaintiff's Objection is without merit and overruled.

## III. Conclusion

For all of the foregoing reasons, Plaintiff's Objection is overruled. The Court accepts the Magistrate Judge's Report and Recommendation, and the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Date: August 13, 2019

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE